Tayior Chief-Justice.
 

 I am of opinion that the County Court did right in allowing the amendment of the
 
 *425
 
 warrant, and that the judgment thus pronounced by tliem was so closely connected with a final determination of the suit, that it is quite within the equity and meaning of the act of
 
 1777,
 
 the subject of appeal by the party dissatisfied. It would be perhaps impossible to draw the line, in the abstract, between those orders made by the Court which may be appealed from, and those which
 
 cannot;
 
 and it would probably be safer to decide upon each case as it arises, if I were to lay down a general rule, it would be, that wherever the question presented to the County Court is such, that a judgment upon it one way, would put an end to the cause, it may be appealed from
 
 ;
 
 but where the Court cannot give such a judgment upon it as would decide the cause, or directly affect its decision, it cannot be appealed from. If the County Court had disallowed the amendment, the warrant must have been abated, and the Plaintiff, beyond all question, might then have appealed. By allowing the amendment, the Defendant was deprived of a defence upon which he chose to rest his case, and one, which involving also a question of law, with the determination of which he was dissatisfied, he had a right to aqk for the opinion of an appellate Court.
 

 I hope I shall not be understood as sanctioning an opinion, that every order made by Court in the progress of a cause, may be appealed from. There are many that must be confided solely to their discretion, the proper or ill exercise of which cannot be tested by any rule of lawj but the question as to this amendment, I consider in a very different light, and depending upon fixed principles repeatedly adjudged by this Court. Being therefore of opinion that the County Court did right, and that the judgment appealed from, must be affirmed, it follows,, that a
 
 procedendo
 
 must issue, and that the appellee recover the costs of the appeal»
 

 Seawmxx., Judge.
 

 When an application is made, either by a Plaintiff or Defendant, to amend any part of
 
 *426
 
 the proceedings, though it is within the
 
 discretion
 
 of (he Court to allow it, yet that is a
 
 legal
 
 discretion, and to be exercised according to the rules of law.
 
 Ml
 
 the in-gtances of judicial discretion are for the attainment of justice, and leave the Court at liberty to do justice “
 
 all
 
 aroundWhen the application is made in respect to a matter not relating to the
 
 final
 
 determination of a suit, as for a continuance, or the like; as the determination of the Court in such case, can have no possible influence upon the ultimate decision, and is in truth, nothing but a refusal,
 
 then to consider ;
 
 it would be absurd to allow' an appeal in such case. For the party appealing, would defeat his own object, and theopinion of the Court above, could in no way be of service to him. But where the application is to amend the proceedings,
 
 that,
 
 if allowed,
 
 may
 
 deprive the Defendant of a good defence upon the trial ; and consequently is affording, in like manner, to the Plaintiff, a correlative benefit. The
 
 law,
 
 from the state of the pleadings, afforded this advantage to the Defendant ; the
 
 law
 
 also
 
 required and
 
 authorised the Court to relieve the Plaintiff from this difficulty, according to these rules of legal discretion ; if the Court refuse to exercise this authority, when these rules require it, or do exercise it, but in a manner in which it should not, there is in each way, an injury done to the party, and which
 
 ■can
 
 be redressed by an appeal.
 

 To apply these principles to the present case, the writ is defective, the party applies to the Court to amend, the acts of Assembly vesting it with the power, entitle ■the party to claim it; if it refuses its aid, when it should be extended, the party is injured, and mustióse his suit, unless he can appeal. It is no answer to say, let him wait till the final determination of the case, and then appeal upon the whole case; for, if it be the case of a Defendant, who wishes to avail himself of some thingin
 
 mitigation,
 
 the accumulated costs will probably place him in a worse situation
 
 with
 
 this sort of
 
 remedy,
 
 than h®
 
 *427
 
 would be by submitting in the first instance. As to making a motion in the Court below, and spreading it on the record, as has been said to be the usage in the Superior Courts, I can see no possible benefit to be derived from that, for if it be a
 
 partial
 
 defence, there will still be a saddling of the party Defendant with the costs of both Courts without the least necessity.
 

 And as to a party’s staving otf a cause by perpetually appealing, that is for the
 
 Legislature
 
 to provide against,* who already have supposed (as we must presume) that the party cast, is sufficiently punished by the payment of costs, to prevent an appeal purely for delay.
 

 The words of the act of 177? arc, that when any person or persons, cither Plaintiff or Defendant, shall be dissatisfied with the sentence, judgment or decree, of any County Court, he may pray an appeal to the Superior Court. These words should not by
 
 construction
 
 be confined to a
 
 final
 
 judgment, if in so doing, we are to leave remediless any
 
 possible
 
 case, where by appeal, the Court above
 
 would
 
 have power to afford relief.
 

 I therefore think, there should be judgment that the amendment was properly allowed by the Court, thereby confirming their
 
 judgment;
 
 and that a
 
 procedendo
 
 issue to the same Court. The judgment of this Court, there-, fore, being in favor of the appellee, he must have judgment also for his costs.
 

 Judge
 
 Hall
 
 concurred in the opinion of Judge
 
 Seaweil.